```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

KENNETH MOBLEY,                        )
aka AMIR KENNETH MOBLEY ISMA EL,       )
                                       )    Civil No. 5: 14-197-JMH
        Plaintiff,                     )
                                       )
V.                                     )
                                       )
FAYETTE COUNTY. DETENTION              )    **MEMORANDUM OPINION**
CENTER, et al.,                        )         **AND ORDER**
                                       )
        Defendants.                    )

                       ***    ***    ***    ***

Kenneth Mobley[1] is an inmate at the Fayette County Detention Center in Lexington, Kentucky. Proceeding *pro se*, Mobley has filed a "Notice of Removal" [R. 1]; a "Notice of Unlawful Action" [R. 2]; and a "Motion to Challenge Jurisdiction." [R. 3]

---

[1] Mobley identifies himself as Amir Kenneth Mobley Isma El. [R. 1] However, the Account Activity Ledger he has provided indicates that his legal name is Kenneth Mobley [R. 1-2, p. 5], a name he has used in prior litigation before this Court. *Moche' Isma El v. Commonwealth of Kentucky*, No. 5:12-CV-207-WOB (E.D. Ky. 2012); *Mobley v. Kentucky District Court*, No. 5:13-443-KSF (E.D. Ky. 2013). A plaintiff must litigate a case filed in federal court using his or her legal name. The Court will therefore direct the Clerk of the Court to modify the docket to identify Kenneth Mobley as the plaintiff's legal name, with Amir Kenneth Mobley Isma El included as an additional designation.

Mobley has not paid the $400.00 in filing and administrative fees, nor filed a motion to proceed *in forma pauperis*.

In his "Notice of Removal," Mobley asserts that jurisdiction over this action is vested with the United States Supreme Court, but he also has invoked this Court's removal jurisdiction under 28 U.S.C. § 1441, apparently seeking to remove "Case #14-F-756" from the Fayette Circuit Court. [R. 1, p. 1] Mobley separately asserts a "Cause of Action," the subject matter of which appears to be the December 3, 2013, search of his apartment and his subsequent arrest by officers, which he contends was done without a proper warrant. Mobley also complains regarding events occurring during his confinement, including a guard's termination of a phone call with his attorney and his subsequent confinement in segregation. *Id*. at 2. He further contends that the judges presiding over his criminal proceedings lack jurisdiction over him because, as a foreign sovereign, he is not subject to the laws of Kentucky or of the United States. *Id*. at 3-5; R. 1-1, pp. 1-2.

Mobley's "Notice of Unlawful Action" asserts that state officials violated the Foreign Sovereign Immunities Act, codified at 28 U.S.C. §§ 1330, 1332, 1391(f), 1441(d), and 1602-1611 ("FSIA") by referring to him as "Kenneth Mobley" notwithstanding his asserted right to choose his own name.

Mobley contends that state case #14-F-756 is therefore removable to this Court pursuant to 28 U.S.C. § 1441(d). [R. 2] Finally, in his "Motion to Challenge Jurisdiction," Mobley contends that he cannot be prosecuted under or made subject to the laws of the United States or any of the several States because they do not apply to him. [R. 3, pp. 1-2]

This action is the latest effort by Mobley to interfere with past and ongoing criminal and civil actions instituted against him by Kentucky officials. See *Mobley v. Kentucky District Court*, No. 5:13-443-KSF (E.D. Ky. 2013) [R. 17, February 21, 2014, Order of Dismissal]. As with its predecessor, the Court will dismiss this action for lack of jurisdiction and remand it to the Fayette Circuit Court.

Mobley seeks to remove the state court criminal action pursuant to § 1441(d). That section provides:

> Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(d). Mobley's invocation of this provision is frivolous. Case No. #14-F-756 is a felony *criminal* action pending in Fayette Circuit Court. By its terms, § 1441(d) only permits the removal of state civil actions, not criminal actions. *Cf. Thompson v. Scutt*, No. 1:11-cv-573, 2011 WL

2745934, at *4-5 (W.D. Mich. July 13, 2011). More fundamentally, that section only permits removal of civil actions against a "foreign state" as defined in 28 U.S.C. § 1603(a). Only a "foreign state" possesses standing to seek removal under this provision, something Mobley plainly is not. *See United States v. Curtiss-Wright Export Corp.*, 299 U.S. 304, 318-19 (1936).

Because Mobley has failed to establish any basis for this Court's jurisdiction, the Court will dismiss this matter and remand it to the Fayette Circuit Court for all further proceedings.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall modify the docket to identify the plaintiff as "Kenneth Mobley, a/k/a Amir Kenneth Mobley Isma El."

2. Mobley's Notice of Removal [R. 1] is **DISMISSED** for lack of jurisdiction, and this action is **REMANDED** to the Circuit Court of Fayette County, Kentucky.

3. The Clerk of Court shall **FORWARD** a certified copy of this Order to the Clerk of the Circuit Court of Fayette County, Kentucky, referencing Case No. #14-F-756.

4. The Circuit Court may proceed with this action without further impediment.

5.   Mobley's "Motion to Challenge Jurisdiction" is **DENIED**.

This the 22nd day of May, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge